IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

TACTILE FEEDBACK TECHNOLOGY, LLC,

    Plaintiff,

v.

SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC

    Defendants.
_____

Case No. 2:14-cv-940

Jury Trial Demanded

# COMPLAINT

Plaintiff Tactile Feedback Technology, LLC complains against Defendants Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as follows:

## The Parties

1. Plaintiff Tactile Feedback Technology, LLC ("TFT") is an Ohio limited liability company based in Sylvania, Ohio. Dr. Timothy Pryor, the inventor of the patents-in-suit, is pioneer in the field of haptic touch screens and other haptic interfaces. Haptic features rely on the sense of touch and are currently used in many smartphones and other touch-screen devices.

2. Upon information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a corporation organized and existing under the laws of the State of New York with its principle place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Defendant has been and is still making, using, offering to sell, selling, exporting, importing, supplying and/or distributing within and from the United States smartphones.

3. Upon information and belief, Defendant Samsung Telecommunications America, LLC ("STA") is a limited liability company organized and existing under the laws of the state of

Delaware with its principle place of business at 1301 East Lookout Drive, Richardson, Texas 75082.  Defendant has been and is still making, using, offering to sell, selling, exporting, importing, supplying and/or distributing within and from the United States smartphones.

## Jurisdiction and Venue

4.  This is an action for patent infringement under the Patent Act, 35 U.S.C. § 101 *et seq*.

5.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States.

6.  Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

7.  This Court has personal jurisdiction over Defendants.  Defendants have conducted and do conduct business within the State of Texas.  Defendants, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distribute, offer for sale, sell, and advertise (including the provision of their interactive web page, www.samsung.com) their products and/or services in the United States, the State of Texas, and the Eastern District of Texas.  Defendants, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), have purposefully and voluntarily placed one or more of their infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Eastern District of Texas.  Upon information and belief, these infringing products and/or services have been and continue to be purchased and used by consumers in the Eastern District of Texas.  Defendants have committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

**Asserted Patents**

8. On September 6, 2011, United States Patent No. 8,013,843 ("the '843 Patent") entitled "Method for Providing Human Input to a Computer" was duly and legally issued with Dr. Timothy R. Pryor as the named inventor after full and fair examination. TFT is the sole owner by assignment of all rights, title, and interest in and to the '843 Patent and possesses all rights of recovery under the '843 Patent. A copy of the '843 Patent is attached as **Exhibit A.**

9. On November 29, 2011, United States Patent No. 8,068,100 ("the '100 Patent") entitled "Method for Providing Human Input to a Computer" was duly and legally issued with Dr. Timothy R. Pryor as the named inventor after full and fair examination. TFT is the sole owner by assignment of all rights, title, and interest in and to the '100 Patent and possesses all rights of recovery under the '100 Patent. A copy of the '100 Patent is attached as **Exhibit B.**

10. On December 6, 2011, United States Patent No. 8,072,440 ("the '440 Patent") entitled "Method for Providing Human Input to a Computer" was duly and legally issued with Dr. Timothy R. Pryor as the named inventor after full and fair examination. TFT is the sole owner by assignment of all rights, title, and interest in and to the '440 Patent and possesses all rights of recovery under the '440 Patent. A copy of the '440 Patent is attached as **Exhibit C.**

11. On July 5, 2011, United States Patent No. 7,973,773 ("the '773 Patent") entitled "Multipoint, Virtual Control, and Force Based Touch Screen Applications" was duly and legally issued with Dr. Timothy R. Pryor as the named inventor after full and fair examination. TFT is the sole owner by assignment of all rights, title, and interest in and to the '773 Patent and possesses all rights of recovery under the '773 Patent. A copy of the '773 Patent is attached as **Exhibit D.**

12. TFT is entitled to sue for past, present, and future infringement of each of the

'843 Patent, the '100 Patent, the '440 Patent and the '773 Patent (collectively, the "TFT Patents").

13. Defendants, without authority or license from TFT, have infringed and are still infringing the TFT patents by making, using, importing, selling or offering to sell infringing smartphones and tablets, and Defendants will continue to do so unless enjoined by this Court. The infringing products include, but are not limited to, the Galaxy SII Smartphone, the Galaxy SIII Smartphone, the Galaxy S4 Smartphone, the Galaxy S5 Smartphone, the Galaxy Nexus Smartphone and the Galaxy Tab.

14. Upon information and belief, Defendants were aware of several of the patents-in-suit as early as April 23, 2012.  At that time, TFT sent Defendants a letter regarding the TFT Patents.

15. Despite notice of the TFT Patents, Defendants continued their infringement without a reasonable basis for doing so and was thus objectively reckless in continuing its infringing activity.

16. The authorized Defendants' infringement has been willful, and this is an exceptional case.

17. Moreover, Defendants actively and purposefully encourage infringement of the TFT Patents through at least their marketing and/or sales activities directed at its third party customers.

18. Specifically, but without limitation, Defendants' website, www.samsung.com, lists numerous authorized retails that market, offer to sell and sell Defendants' products, including, but not limited to,  AT&T (www.att.com), Best Buy (www.bestbuy.com), Costco (www.costco.com), and Sprint (www.shop.sprint.com)  (the "Authorized Infringing Retailers").

(**Exhibit E**.)

19. The Authorized Infringing Retailers each sell one or more of the products at issue in this case.

20. Upon information and belief, Defendants expressly authorized and continue to authorize the Authorized Infringing Retailers to sell their products, including but not limited to the smartphones and tablets at issue in this case, thereby actively and purposefully encouraging the Authorized Infringing Retailers to infringe the TFT Patents.

21. Defendants had and continue to have specific intent to induce infringement of the TFT Patents at least by marketing and selling its infringing products with the intent that the products be bought and used by its customers, including without limitation the Authorized Infringing Retailers and individual customers, while knowing that the customers' acts constitute infringement.

## COUNT I:  Infringement of the '843 Patent

22. TFT incorporates by reference all preceding paragraphs.  As described below, Defendants have infringed and/or continue to infringe the '843 Patent.

23. Defendants' Galaxy SII Smartphone, the Galaxy SIII Smartphone, the Galaxy Nexus Smartphone and the Galaxy Tab infringe at least claims 1, 11 and 25 of the '843 Patent. Defendants' Galaxy S4 Smartphone and the Galaxy S5 Smartphone infringe at least claim 1 of the '843 Patent.  Defendants have been and are still making, using, offering to sell, exporting, importing, supplying and/or distributing within and from the United States these products and thus directly infringe at least claims 1, 11 and 25 of the '843 Patent.

24. Defendants provide their Galaxy SII Smartphone, the Galaxy SIII Smartphone, the Galaxy S4 Smartphone, the Galaxy S5 Smartphone, the Galaxy Nexus Smartphone and the

Galaxy Tab to the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers in the United States who, in turn, use these products to infringe at least claims 1, 11, and 25 of the '843 Patent.

25.     Defendants indirectly infringe by inducing infringement by the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers, in accordance with 35 U.S.C. § 271(b), because Defendants actively induce infringement of the '843 Patent by the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers.

26.     Defendants indirectly infringe the '843 Patent by contributing to infringement by the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers, in accordance with 35 U.S.C. § 271(c), because Defendants offer to sell or sell within the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringe use.

27.     Defendants have infringed and/or continue to infringe one or more claims of the '843 Patent as set forth above. Defendants are liable for direct infringement, as well as indirect infringement by way of inducement and/or contributory infringement, for the '843 Patent pursuant to 35 U.S.C. § 271 (a), (b), (c) and/or (f) as set forth above.

28.     Defendants have received actual notice of the infringement by the April 2012 letter and by virtue of the filing of this lawsuit.

29.     Defendants' infringement of the '843 Patent has been intentional and willful,

making this an exceptional case.

30. Defendants' continued infringement of the '843 Patent has damaged and will continue to damage TFT.  TFT is entitled to recover from Defendants the damages sustained by TFT as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## COUNT II:  Infringement of the '100 Patent

31. TFT incorporates by reference all preceding paragraphs.  As described below, Defendants have infringed and/or continue to infringe the '100 Patent.

32. Defendants' Galaxy SII Smartphone, the Galaxy SIII Smartphone, the Galaxy Nexus Smartphone and the Galaxy Tab infringe at least claims 1, 15 and 31 of the '100 Patent. Defendants' Galaxy S4 Smartphone and the Galaxy S5 Smartphone infringe at least claim 1 of the '100 Patent.  Defendants have been and are still making, using, offering to sell, exporting, importing, supplying and/or distributing within and from the United States these products and thus directly infringe at least claims 1, 15 and 31 of the '100 Patent.

33. Defendants provide their Galaxy SII Smartphone, the Galaxy SIII Smartphone, the Galaxy S4 Smartphone, the Galaxy S5 Smartphone, the Galaxy Nexus Smartphone and the Galaxy Tab to the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers in the United States who, in turn, use these products to infringe at least claims 1, 15, and 31 of the '100 Patent.

34. Defendants indirectly infringe by inducing infringement by the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers, in accordance with 35 U.S.C. § 271(b), because Defendants actively induce infringement of the '100 Patent by the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers.

35. Defendants indirectly infringe the '100 Patent by contributing to infringement by the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers, in accordance with 35 U.S.C. § 271(c), because Defendants offer to sell or sell within the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringe use.

36. Defendants have infringed and/or continue to infringe one or more claims of the '100 Patent as set forth above.  Defendants are liable for direct infringement, as well as indirect infringement by way of inducement and/or contributory infringement, for the '100 Patent pursuant to 35 U.S.C. § 271 (a), (b), (c) and/or (f) as set forth above.

37. Defendants have received actual notice of the infringement by the April 2012 letter and by virtue of the filing of this lawsuit.

38. Defendants' infringement of the '100 Patent has been intentional and willful, making this an exceptional case.

39. Defendants' continued infringement of the '100 Patent has damaged and will continue to damage TFT.  TFT is entitled to recover from Defendants the damages sustained by TFT as a result of Defendants' wrongful acts in an amount subject to proof at trial.

### COUNT III:  Infringement of the '440 Patent

40. TFT incorporates by reference all preceding paragraphs.  As described below, Defendants have infringed and/or continue to infringe the '440 Patent.

41. Defendants' Galaxy SII Smartphone, the Galaxy SIII Smartphone, the Galaxy

Nexus Smartphone and the Galaxy Tab infringe at least claim 16 of the '440 Patent.  Defendants' Galaxy S4 Smartphone and the Galaxy S5 Smartphone infringe at least claims 7, 16 and 26 of the '440 Patent.  Defendants have been and are still making, using, offering to sell, exporting, importing, supplying and/or distributing within and from the United States these products and thus directly infringe at least claims 7, 16 and 26 of the '440 Patent.

42. Defendants provide their Galaxy SII Smartphone, the Galaxy SIII Smartphone, the Galaxy S4 Smartphone, the Galaxy S5 Smartphone, the Galaxy Nexus Smartphone and the Galaxy Tab to the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers in the United States who, in turn, use these products to infringe at least claims 7, 16 and 26 of the '440 Patent.

43. Defendants indirectly infringe by inducing infringement by the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers, in accordance with 35 U.S.C. § 271(b), because Defendants actively induce infringement of the '440 Patent by the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers.

44. Defendants indirectly infringe the '440 Patent by contributing to infringement by the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers, in accordance with 35 U.S.C. § 271(c), because Defendants offer to sell or sell within the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringe use.

45. Defendants have infringed and/or continue to infringe one or more claims of the '440 Patent as set forth above. Defendants are liable for direct infringement, as well as indirect infringement by way of inducement and/or contributory infringement, for the '440 Patent pursuant to 35 U.S.C. § 271 (a), (b), (c) and/or (f) as set forth above.

46. Defendants have received actual notice of the infringement by the April 2012 letter and by virtue of the filing of this lawsuit.

47. Defendants' infringement of the '440 Patent has been intentional and willful, making this an exceptional case.

48. Defendants' continued infringement of the '440 Patent has damaged and will continue to damage TFT. TFT is entitled to recover from Defendants the damages sustained by TFT as a result of Defendants' wrongful acts in an amount subject to proof at trial.

### COUNT IV:  Infringement of the '773 Patent

34. TFT incorporates by reference all preceding paragraphs. As described below, Defendants have infringed and/or continue to infringe the '773 Patent.

32. Defendants' Galaxy SII Smartphone, the Galaxy SIII Smartphone, the Galaxy Nexus Smartphone and the Galaxy Tab infringe at least claims 21 and 30 of the '773 Patent. Defendants' Galaxy S4 Smartphone and the Galaxy S5 Smartphone infringe at least claim 15, 21 and 30 of the '773 Patent. Defendants have been and are still making, using, offering to sell, exporting, importing, supplying and/or distributing within and from the United States these products and thus directly infringe at least claims 15, 21 and 30 of the '773 Patent.

33. Defendants provide their Galaxy SII Smartphone, the Galaxy SIII Smartphone, the Galaxy S4 Smartphone, the Galaxy S5 Smartphone, the Galaxy Nexus Smartphone and the Galaxy Tab to the Authorized Infringing Retailers and other retailers, resellers, consultants, and

end-user customers in the United States who, in turn, use these products to infringe at least claims 15, 21 and 30 of the '773 Patent.

34. Defendants indirectly infringe by inducing infringement by the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers, in accordance with 35 U.S.C. § 271(b), because Defendants actively induce infringement of the '773 Patent by the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers.

35. Defendants indirectly infringe the '773 Patent by contributing to infringement by the Authorized Infringing Retailers and other retailers, resellers, consultants, and end-user customers, in accordance with 35 U.S.C. § 271(c), because Defendants offer to sell or sell within the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringe use.

36. Defendants have infringed and/or continue to infringe one or more claims of the '773 Patent as set forth above. Defendants are liable for direct infringement, as well as indirect infringement by way of inducement and/or contributory infringement, for the '773 Patent pursuant to 35 U.S.C. § 271 (a), (b), (c) and/or (f) as set forth above.

37. Defendants have received actual notice of the infringement by the April 2012 letter and by virtue of the filing of this lawsuit.

38. Defendants' infringement of the '773 Patent has been intentional and willful, making this an exceptional case.

39. Defendants' continued infringement of the '773 Patent has damaged and will continue to damage TFT. TFT is entitled to recover from Defendants the damages sustained by TFT as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## **Request for Relief**

WHEREFORE, TFT respectfully requests the following relief:

A. Judgment that Defendants have infringed and actively induced others to infringe the TFT Patents;

B. An award of damages adequate to compensate TFT for Defendants' infringement, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

C. Enter an order trebling damages awarded to TFT by reason of Defendants' willful infringement of the TFT Patents, pursuant to 35 U.S.C. § 284;

D. Enter an order awarding TFT interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

E. Enter an order finding that this is an exceptional case and award TFT its reasonable costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and,

F. Award such other relief as the Court may deem appropriate and just under the circumstances.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

October 9, 2014

Respectfully submitted,

By: */s/ Charles Ainsworth*

Charles Ainsworth
State Bar No.  00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com


Douglas A. Dozeman
Janet Ramsey
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan  49503
Telephone: (616) 752-2000
Fax: (616) 222-2736
E-mail:  ddozeman@wnj.com
E-mail:  jramsey@wnj.com


COUNSEL FOR PLAINTIFF